| | | | |
|---|---|---|---|
| Debtor 1: | **Charles Lawrence Darou** | Social Security number or ITIN: | xxx–xx–1217 |
| | First Name   Middle Name   Last Name | EIN: _ _–_ _ _ _ _ _ _ | |
| Debtor 2: | **Cheryle Ann Darou** | Social Security number or ITIN: | xxx–xx–8799 |
| (Spouse, if filing) | First Name   Middle Name   Last Name | EIN: _ _–_ _ _ _ _ _ _ | |
| United States Bankruptcy Court: | Western District of Washington | Date case filed for chapter: | 7    6/12/19 |
| Case number: | **19–41935–MJH** | | |

Official Form 309A (For Individuals or Joint Debtors)

# Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline    12/2017

**For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at   www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | **About Debtor 1:** | | **About Debtor 2:** |
|---|---|---|---|---|
| 1. | **Debtor's full name** | Charles Lawrence Darou | | Cheryle Ann Darou |
| 2. | **All other names used in the last 8 years** | aka Larry Darou | | |
| 3. | **Address** | 3910 NW 122nd Street<br>Vancouver, WA 98685 | | 3910 NW 122nd Street<br>Vancouver, WA 98685 |
| 4. | **Debtor's attorney**<br>Name and address | Mark A Carter<br>Attorney at Law<br>1409 Franklin Street, Suite 206<br>PO Box 61505<br>Vancouver, WA 98666 | | Contact phone 360–694–8955<br><br>Email: Office@MarkCarterLaw.com |
| 5. | **Bankruptcy trustee**<br>Name and address | Russell D. Garrett<br>Jordan Ramis, P.C.<br>1499 SE Tech Center Place<br>Suite 380<br>Vancouver, WA 98683 | | Contact phone 360–567–3911 |
| 6. | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. | 1717 Pacific Avenue<br>Suite 2100<br>Tacoma, WA 98402 | | Hours open 8:30 am – 4:30 pm Monday – Friday<br>Contact phone 253–882–3900<br>Date: 6/12/19 |

For more information, see page 2 >

| 7. **Meeting of creditors** | **July 17, 2019 at 09:00 AM** | Location: |
|---|---|---|
| Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **Vancouver Federal Building, 500 West 12th, Second Floor, Vancouver, WA 98660** |

| 8. **Presumption of abuse** | The presumption of abuse does not arise. | |
|---|---|---|
| If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | | |

| 9. **Deadlines** | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:** | **Filing deadline: 9/16/19** |
|---|---|---|
| The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **You must file a complaint:**<br>• if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or<br>• if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6).<br>**You must file a motion:**<br>• if you assert that the discharge should be denied under § 727(a)(8) or (9). | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |

| 10. **Proof of claim** | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline.<br>If your claim is secured by a security interest in the debtor's principal residence, see Fed. R. Bankr. P. 3002(c)(7) for claim filing deadlines. |
|---|---|
| Please do not file a proof of claim unless you receive a notice to do so. | |

| 11. **Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
|---|---|

| 12. **Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. |
|---|---|

Notice of Potential Dismissal

If the debtor fails to file required schedules, statements or lists within 15 days from the date the petition is filed, or object to dismissal of the case indicating why dismissal is not appropriate, the case may be dismissed without further notice. If the Debtor(s) fails to appear at the meeting of creditors, the U.S. Trustee may apply for an order of dismissal without further notice.

Anyone can register for the Electronic Bankruptcy Noticing program at ebn.uscourts.gov OR (2) Debtors can register for DeBN by filing local form DeBN Request Form with the Clerk of Court. Both options are FREE and allow the clerk to quickly send you court–issued notices and orders by email.